**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LIZANDRA FIGUEROA,**
        **Plaintiff,**

**-vs-**          Case No. 6:08-cv-14-Orl-19KRS

**AGE WISE, INC.,**
**STEVEN E. MARTIN,**
        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 37)** |
| **FILED:** | **December 2, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. This matter was subsequently referred to me by order of the Court. Doc. No. 38.

In their Joint Motion, the parties represent they have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

Plaintiff Lizandra Figueroa averred she was due $1,690.50 in unpaid overtime and an equal amount in liquidated damages, Doc. No. 23. Under the settlement agreement, Figueroa will receive $1,690.50 representing all of her claimed FLSA wages. Doc. No. 37-1 at 1.

Because Figueroa will recover the full amount of FLSA compensation arguably due to her, the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

The settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, which is at least partially unenforceable in light of the public filing of the settlement agreement. It also permits Plaintiff to reopen this case without leave of Court. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

Accordingly, I recommend that the Court do the following:

1. **FIND** that the compensation Plaintiff will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

2. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

3. **DISMISS** the case with prejudice as to all parties; and,

    4.    **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 4, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE